Good morning, Your Honors. May it please the Court, my name is Matthew Ball, counsel for Petitioner Theophily Cardy. I want to update the Court on certain facts that have occurred post-closing of the briefing in this matter. After more than 20 months in detention after the completion of his sentence for attempted bribery of a government official, Dr. Cardy was released from Eloy Detention Center on August 2004 on bond. Your Honors, the issues in this case have narrowed since briefing has been completed. The key issue here is one of first impression, and that's whether failure to file income taxes, an income tax return with the intent to evade taxes in violation of California Revenue and Taxation Code section 19-406 is not a crime of moral turpitude because it does not necessarily involve fraud and evil intent. And on the fraud point, controlling authority from the United States Supreme Court and the Ninth Circuit states that intent to evade taxes does not always equal an intent to defraud. In order for the Court to rule against Dr. Cardy today, the Court will have to distinguish that authority, and the Court will also have to make new law. The Court will have to interpret California State Statute in a way that's never been interpreted before, and Petitioner submits that this is not in line with the Court's duty in gray areas to construe an unclear issue in favor of the deportee, Dr. Cardy, and against banishment. The second reason why the Court should rule for Dr. Cardy today is that the mental state of willfulness as found in section 19-406 does not necessarily equal an evil intent that's necessary to find a crime to be one of moral turpitude. Sotomayor, would you help me out? I agree with the latter point. It's sort of unarguable. But with respect to the intent to evade, why isn't it the case that evade corresponds to fraud, in effect, by definition? Because to evade, to intend to evade, connotes intending to avoid something by an artifice or by deception, which, in effect, is fraud. And so if one is convicted of intentionally trying to avoid having the government know that you have reportable income, thereby causing a detriment to the government and a benefit to yourself, isn't that, in effect, enough of a similarity to fraud necessarily to be moral turpitude? Well, no, Your Honor. And the reason is because in Charton, in the 40s, the government made a very similar argument to that in that the government argued that an intent to evade taxes is tantamount to an intent to defraud the taxing body. Well, that's for purposes of a statute of limitations. That's correct. It was for the purpose of a statute of limitations. Well, here we're asking whether it's not just inherent in the crime that there's evil intent. I mean, that's the real question, is whether there is evil intent. Not whether there is fraud. I mean, fraud ordinarily is required, as our cases say, when it's not the baseless, you know, prong of moral turpitude. So why isn't this part and parcel, why isn't sort of intent to deceive part and parcel of this offense? Well, in the Tung Chew case, Your Honor, the court recognized the Charton rule, and that was a case in which the crime of tax evasion, the analysis was, well, is this moral turpitude or not? The Ninth Circuit took a look at the Charton case and said, well, okay, according to Charton, it's not always the same. Fraud may not be an essential element of intent to evade taxes. It can be an essential element. I'm looking at the definition of evade, which is what we're talking about here, evading taxes. And everybody seems to agree that it's an act of avoidance by artifice. It's an ingenious contrivance or device. When used in a bad sense, corresponds with trick or fraud. It implies deceit. It imports some element of moral obliquity. So given the definition of evade, that's what I'm trying to focus on, why isn't it necessarily the case that a fraudulent aspect is part and parcel of the offense? Well, in the statute at bar, Your Honor, 19-406, the word fraud is indeed used in the definition of that statute. It's used in conjunction with making an affirmative misrepresentation to the government. In other words, if I file a tax return and I say my income is $100,000 and, in fact, I know it's $150,000, that's one way to be convicted of this particular statute, which is what we've got to focus on. That would be fraud. That's filing a fraudulent return. Yes, but when you don't file a return intentionally to evade taxes, which is what the conviction was for, then you are representing to the government that you do not have taxable income of more than $5,000. Under California Revenue and Taxation Code, section 19-406. Because otherwise you have to file a return. So if you fail to file a return intentionally to evade taxes, you are, aren't you effectively representing to the government I don't have reportable income such that I need to file a tax return? Well, you're not making any representation to the government at all. You're simply not filing a tax return. I mean, your intent is to evade taxes, but I'm not sure, given the precedents that we've been discussing that are cited in my brief, that you can always, always, always equate the two. Your client did enter a plea, right? That's correct, Your Honor. And in the plea colloquy, didn't he tell the court that he had done this intentionally? The record of the plea colloquy was not in the administrative record, I believe. What is in the record is the indictment, or rather the information, and that's at ER-165. And that's really the only record of the conviction. That's all there is. It says on or about April 15, 1992. Now, there were two counts. There's 1991 and 1992. In the county of Los Angeles, the crime of failure to file an income tax return in violation of Revenue and Taxation Code, Section 19-406, a felony was committed by Theofily Carty, who did willfully and unlawfully fail to file any return or to supply any information with intent to evade any tax imposed by this part. So there's no disagreement that the intent to evade taxes is wrong. He admitted to it, absolutely. And at this time, I'd like to save my remaining two minutes for rebuttal, unless there's any other questions the Court has of me. Surely. You certainly do that. Mr. Durant. Good morning. My name is Edward Durant. I represent the United States. Dr. Carty, in 1995, pled guilty to two crimes, actually no other contendery, to tax evasion in 1991 and 1992. Then in 2001, he pled guilty to attempting to bribe a government official. He concedes that that crime is a crime involving moral turpitude. As Petitioner's Counsel stated, the only issue really is whether or not his willful evasion of taxes amounts to a crime involving moral turpitude. As for the standard of review, the government would argue that it's de novo. But the government asked for Chevron deference in this case because while the Court is looking at a state statute, the ultimate issue is whether or not this is a crime involving moral turpitude under the INA. The Board, as far back as 20 years, has – and a crime involving moral turpitude is a nebulous concept, meaning there's no fixed definition. But the Board did say more than 25 years ago in a matter of flores that it's not necessary to have the element of fraud in the phraseology of the crime, as long as the inherent nature involves deception to the government. And this Court in Weinstock echoed that sentiment some years later. There are – this is a California statute we're concerned with, right? Yes, Your Honor. And aren't there some California cases that say that it's – that intent to evade and intent to defraud are not necessarily the same thing? Your Honor, if memory serves me correctly, I believe they were interpreting a Federal statute. In this case, what Petitioner did is – and I looked at the – You're correct about that. It's Rohan and Fahy. But they were looking for moral turpitude interpretation purposes at a similar Federal statute, and they were saying that it's not necessarily the same. Does that cast any light on this question? I think when you look at the two statutes, they're worded differently. This one has a sort of a one-two punch. And based on the jury instructions, if he pled not guilty to this offense, the members would have to find him, first of all, that he violated a known duty. He knew he had to file taxes, and he didn't do it. If that was just the case, then we may not have a crime involving moral turpitude because I might not file taxes because I don't think I made enough last year, but I'm not necessarily trying to evade or deceive the government. However, for – to convict someone like Dr. Carty or for him to plead NOLO, you, again, have to have a one-two punch. It has to be a willful violation of a known duty with the further intent of evading or deceiving, as we would argue, the government. The statute in which he is convicted lays that out. It's a felony. And there seems to be little distinction between a sin of omission where you don't file any taxes whatsoever and when you – or, on the other hand, you file a false return. They're punished the same. And I would argue that, in a lot of respects, Dr. Carty's conduct, if, in fact, he had pled not guilty, is worse because by not registering on the radar screen, by not filing anything, if, in fact, the government finds out about him, they have to prove up a few more elements. They don't have a smoking gun, a phony tax return where he says, you know, I only made $100 last year, and they point to the fact that he owns a company in New York. But the government didn't have to do that in this case because he effectively pled to all those elements. And if he had not pled to the intent to evade, he could have never been convicted of this statute. At most, he could have been convicted of a misdemeanor under 19401 where he would do six months in prison, at most. Again, that would not be a crime of moral turpitude because, again, without the intent to evade or the willfulness involved, you could have recklessness, negligence. You could say, I just didn't have my records squared away or organized. That would be a defense, but not here. Again, we have two crimes where he pled nulla contendere to them, thus admitting all the elements. Petitioner has cited some cases where he says that willfulness is not equal to moral turpitude or fraud. In some cases, that might be the case. However, not here because, again, there's a one-two punch. There's no way to commit this crime that I can think of that doesn't involve inherent deception. I thought of the fact of what's the ultimate reason why he did it. Did he evade taxes or did he willfully evade these taxes because he wanted to buy a Ferrari or did he do it because he wanted to give his money to some charity? It really doesn't matter. That goes to the, perhaps, motivation down the road and, again, to punishment, but not to the inherent nature of the offense. Certainly, if someone steals in order to benefit himself, that's bad. If he steals in order to feed his children, that's bad as well, but there's some wiggle room on sentencing. But we're not talking about that.  Again, moral turpitude is a nebulous concept, and there appears to be some kind of victimization here. If it's base conduct or vile conduct, it's usually something like child molestation or rape. But here we do have a victim, and the victim was the state of California. They were deprived, intentionally, of funds that could go help the government, help the National Guard, who knows what. I know it's an imperfect analogy, but what do we do with the cases that say, for statute of limitations purposes and willful intent to evade is not fraud? I believe that should be limited to dicta and the fact that it's limited to a statute of limitations. Well, yeah, on the purpose, I mean, is this fraud? I mean, why would we construe it differently there than we would anywhere else? I mean, what is special about limitation? Presumably that you have a longer statute of limitation because there's deception involved, and it might be harder to discover and all that sort of thing. But I don't know. Fraud is fraud. Yes, Your Honor. I think that would be inconsistent with the California or the Ninth Circuit case law in Weinstock and Goldstein, where I believe both cases state that fraud isn't a necessary element of an offense. But you look at the nature of the offense. If there is deception, if there is a sin of omission or concealment of a known duty and resulting harm to somebody, and here we have a willful decision not to pay his taxes, and the victim here was the State of California. So based on that, the immigration judge's decision and the board's decision was reasonable. We ask that the decision be upheld and this case be dismissed. All right. Thank you, Mr. Durand. Thank you very much. Mr. Ball. Just briefly, Your Honor. You could be at two minds concerning this statute. This case could go one way or the other, depending on how you interpret intent to evade taxes. I'd just like to say that in order to find against my client, you would have to distinguish the United States Supreme Court authority, distinguish the prior Ninth Circuit authority, distinguish California authority, which I believe also looked at Charton and agreed with the point in Charton. And you would have to do all this, and you would get there, and what would eventually happen is a guy who's been residing in this country for more than 40 years, had a family in this country, has three children in this country, been a lawful permanent resident in this country for more than 25 years. To reach that result, you'll have to affirmably do all these things, and the result will be that he will be exiled and vanished to a country that he hasn't been back to in four times in four decades. So under the Fong-Ha Tan case, and I think it just seems to me that when the consequence, something can go one of two ways, and the consequences to the deportee are just so dire, then this court has to pick the construction that favors the deportee. And I would ask the court to do that in this case. And I would just like to make one more point regarding the standard of review. In this case, the BIA did interpret a state statute as one, an offense involving fraud. Our position is that it is entitled to no deference, and the type of review that should be given in this case is a complete de novo review without any deference to the BIA's opinion in accordance with the Rodriguez-Herrera opinion. Thank you very much. Thank you, counsel. The matter just argued will be submitted, and the court will take a brief recess.
judges: Canby, Rymer, Hawkins